# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE LUIS F.O., | Case No. 26-CV-1102 (NEB/EMB) |
| Petitioner, | |
| v. | |
| PAMELA JO BONDI, in her official capacity as Attorney General of the United States; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| Respondents. | |

This matter is before the Court on Petitioner Jose F.O.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Jose F.O. is a citizen of Guatemala who has lived in the United States for more than twelve years.[1] (*Id.* ¶ 3.) On June 21, 2024, Jose F.O. was granted Deferred Action related to a Labor Enforcement Deferred Action Request initiative; the Deferred Action is valid for two years. (ECF No. 1-1.)

---

[1] The factual recitation comes from the Petition and attached exhibits; these facts are not disputed by Respondents.

On February 4, 2026, Immigration and Customs Enforcement took Jose F.O. into custody. (Pet. ¶ 13.) Afterwards, Jose F.O. filed this habeas action challenging his detention under 28 U.S.C. Section 2241.

Jose F.O. is one of hundreds of petitioners in the District who have challenged their custody without an individualized bond determination. Like those petitioners, Jose F.O. argues he was wrongfully detained under 8 U.S.C. Section 1225(b)(2). Under Section 1225(b)(2), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." Section 1229a is the legal framework for formal removal proceedings.

However, Jose F.O.'s deferred action remains in effect, and the Court agrees with the analysis in *Victor G. v. Lyons*, No. 26-CV-119 (ECT/SGE) (D. Minn. Jan. 17, 2026), ECF No. 7, that immediate release is warranted. Deferred action[2] is "an exercise of prosecutorial discretion that defers the removal of the alien based on the alien's case being made a lower priority for removal" but "does not confer any immigration status upon an alien." New Classification for Victims of Criminal Activity; Eligibility for "U"

---

[2] For a more comprehensive description of the relevant legal framework, see *M.M. v. Shea*, No. 25-cv-2830 (LMP/ECW) (D. Minn. Aug. 1, 2025), ECF No. 24 at 2–5 and *Nevarez Jurado v. Freden*, No. 25-CV-943-LJV, 2025 WL 3687264, at *4 (W.D.N.Y. Dec. 19, 2025).

2

Nonimmigrant Status, 72 Fed. Reg. 53014, 53015 n.2 (Sep. 17, 2007) (codified at 8 C.F.R. § 214.14). "Approval of deferred action status means that, for . . . humanitarian reasons . . . no action will thereafter be taken to proceed against an apparently deportable alien, even on grounds normally regarded as aggravated." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999). "[A]n unrevoked grant of deferred action prevents removal." *Nevarez Jurado v. Freden*, No. 25-CV-943-LJV, 2025 WL 3687264, at *8 (W.D.N.Y. Dec. 19, 2025) (collecting cases).

Nothing in the record indicates that USCIS has revoked Jose F.O.'s grant of deferred action. As the Supreme Court has explained in the DACA context, deferred action is a "forbearance of removal," *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 9 (2020) (citation omitted), and makes noncitizens "exempt from statutory removal procedures," *id.* at 54 (Thomas, J., concurring in part and dissenting in part). "This understanding of deferred action in [this] context . . . makes sense—the government has exercised its discretion and set a time frame in which its decision applies." *Nevarez Jurado*, 2025 WL 3687264, at *9.

Respondents imply that they can revoke a grant of deferred action at any time and for any reason. But that assertion is undermined by the Supreme Court's characterization of deferred action as a scheme where no action will be taken against a noncitizen, "even on grounds normally regarded as aggravated." *See Am.-Arab Anti-Discrimination Comm.*,

525 U.S. at 484. Under Respondents' interpretation, "grants of deferred action would have no effect." *Nevarez Jurado*, 2025 WL 3687264, at *9.

Respondents "have not provided any legal authority to support that [Jose F.O.]'s arrest in an immigration sweep was an act of their discretion" on Jose F.O.'s deferred action. *Victor G.*, No. 26-CV-119 (ECT/SGE), ECF No. 7 at 6. "[N]or have they provided any facts supporting that any circumstances have changed since" the grant of deferred action. *Id.*; (ECF No. 1-1 at 1 (USCIS letter explaining that the Department of Homeland Security may place Jose F.O. into removal proceedings "*if conditions change.*" (emphasis added).) Without any factual allegations that support that Respondents revoked Jose F.O.'s deferred action, the Court grants the habeas petition and orders immediate release. *Victor G.*, No. 26-CV-119 (ECF/SGE), ECF No. 7 at 7–8 (explaining that immediate release is warranted in factually similar case).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two

        hours' advance notice to counsel, but not later than 24 hours after entry of this Order;

b. ORDERS that Respondents release Petitioner in Minnesota with all Petitioner's personal effects, including all personal property seized during Petitioner's arrest such as, but not limited to, immigration paperwork;

c. ORDERS that, within **four days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

d. ENJOINS Respondents from moving Petitioner outside of Minnesota prior to compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 10, 2026  
Time: 10:25 p.m.

BY THE COURT:  
s/Nancy E. Brasel  
Nancy E. Brasel  
United States District Judge